

# NUMBER 13-11-00139-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RENE RIVAS JR.,                                                   **Appellant,**

## v.

THE STATE OF TEXAS,                                              **Appellee.**

## On appeal from the 103rd District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Rene Rivas Jr., was charged with two counts of aggravated assault, *see* TEX. PENAL CODE ANN. § 22.02 (West Supp. 2010), and one count of aggravated sexual assault, *see id.* § 22.021(a)(1)(A)(i) (West Supp. 2010). The jury found Rivas not guilty of aggravated sexual assault and both counts of aggravated assault. However, the jury found Rivas guilty of one count of assault and one count of sexual assault, which are lesser included offenses. *See id.* §§ 22.01(a)(1) (assault), 22.011(a)(1)

(sexual assault) (West Supp. 2010). The trial court sentenced Rivas to twenty years' confinement for the sexual assault and one year for the assault with the sentences to run concurrently. Rivas's appellate counsel, concluding that the appeal in this cause is frivolous, filed an *Anders* brief, in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I.    *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Rivas's appellate counsel has filed a brief with this Court stating that he has found no reversible error committed by the trial court and no arguable ground of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. Counsel's brief sets out, in great detail, relevant portions of the record that may provide potentially appealable issues. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Rivas's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has forwarded a copy of his brief to appellant and has informed appellant of his right to file a pro se response. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Rivas's attorney did not forward a

copy of the record to Rivas. However, on October 4, 2011, this Court granted Rivas's motion for a free reporter's record and ordered the trial court to make the appellate record available to him. Additionally, we granted Rivas an extension of time to file a pro se response within thirty days of receiving a copy of the record. The trial court informed us that Rivas received the appellate record on October 28, 2011. We received Rivas's pro se response on December 12, 2011.[1] *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, counsel's brief, and Rivas's pro se response; however, we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

---

[1] In his pro se response, Rivas points to several errors he alleges occurred in the trial court, but then concedes that none of these alleged errors have been preserved for our review. Instead, Rivas maintains that his trial counsel provided ineffective assistance of counsel. However, Rivas then concedes that trial counsel's reasons for his acts or omissions are unknown because they are not firmly founded in the record.

Although Rivas's attempt at a direct appeal has been unsuccessful, he is not without a potential remedy. Challenges requiring development of a record to substantiate a claim such as ineffective assistance of counsel may be raised in an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010). An application for writ of habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial." *Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999).

In accordance with *Anders*, Rivas's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Rivas and advise him of his right to file a petition for discretionary review. [2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
12th day of January, 2012.

---

[2] No substitute counsel will be appointed. Should Rivas wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.